BEA, Circuit Judge,
concurring in part and dissenting in part:
I concur with the majority opinion’s holdings regarding standing and the void for vagueness doctrine, as well as its holding that “the district court did not abuse its discretion in holding that plaintiffs established the elements necessary to grant a prehminary injunction.” Op. at 1029. I write separately to address Part III of the majority’s opinion, from which I respectfully dissent. Because this case is resolved on other grounds, namely vagueness, I believe the court should not reach the preemption issue. See Video Software Dealers Ass’n v. Schwarzenegger, 556 F.3d 950, 953 (9th Cir.2009) aff'd sub nom. Brown v. Entm’t Merchants Ass’n, — U.S. -, 131 S.Ct. 2729, 180 L.Ed.2d 708 *1030 (2011) (“Because we affirm the district court on these grounds, we do not reach two of Plaintiffs’ [other] challenges to the Act____’[1] And the “cardinal principle of judicial restraint” is that “if it is not necessary to decide more, it is necessary not to decide more.” PDK Labs. Inc. v. DEA, 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and concurring in the judgment), cited in Morse v. Frederick, 551 U.S. 393, 431, 127 S.Ct. 2618, 168 L.Ed.2d 290 (2007) (Breyer, J., concurring in the judgment in part and dissenting in part).

. The Plaintiffs in Video Software Dealers filed suit seeking to invalidate a California statute, "which imposed restrictions and a labeling requirement on the sale or rental of 'violent video games’ to minors, on the grounds that the Act violate[d] rights guaranteed by the First and Fourteenth Amendments.” Video Software Dealers, 556 F.3d at 953. The district court granted Plaintiffs’ motion for summary judgment, invalidating the Act based on the Free Speech Clause and declining to address Plaintiffs’ vagueness and Equal Protection arguments. Id. at 956. On appeal, the Ninth Circuit affirmed the district court's grant of summary judgment to the Plaintiffs based on their Free Speech claim. Id. at 953. Because the court resolved the case based on the Free Speech Clause, it declined to address the Plaintiffs’ additional constitutional claims. Id.